IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| KEVIN LARON HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Kevin Howell (filing 105).[1]  The motion was filed on October 27, 2005, within one year after Howell's conviction became final.[2]

Howell pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. He was sentenced to 120 months' imprisonment and 5 years of supervised release. No direct appeal was taken.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] Judgment was entered on October 21, 2004, but it did not become final until 10 days later, when the time for filing a notice of appeal passed. See Fed. R. App. P. 4(b)(1)(A).

Howell claims that he received ineffective assistance of counsel, stating, "My lawyer refused to file any motions on my behalf which I believe violated my rights to due process." (Filing 105, ¶ 12.A.) He also claims that his conviction was obtained by the government failing to disclose favorable information, and, in support of this claim, states, "The prosecution & or my attorney refused to disclose the minutes of the Grand Jury to me in its entirety." (Filing 105, ¶ 12.B.)

In order to prevail on a claim of ineffective assistance of counsel, Howell must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

When a guilty plea is challenged under the second prong of the Strickland test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." Nguyen, 114 F.3d at 704 (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Id., at 703 (internal quotations and citation omitted).

2

Howell testified at his plea hearing on August 3, 2004,[3] that he was completely satisfied with the representation provided by his court-appointed counsel. (Transcript (filing 86), 10:24-11:12.) He also stated in the petition to enter a plea of guilty that there was nothing his attorney had done wrong or not done. (Filing 82, ¶ A.5.e.) Because Howell states no facts from which it might be inferred that he was prejudiced in any way by his attorney's alleged failure to file unspecified motions, no hearing is required on the ineffective assistance of counsel claim.

Howell's claim of prosecutorial misconduct likewise does not merit a hearing. He does not identify any exculpatory evidence (i.e., Brady[4] material) that was not disclosed by the government. Simply alleging that he was not provided all of the grand jury minutes is insufficient. Grand jury transcripts need only be released by the government insofar as required under the Jencks Act, 18 U.S.C. § 3500, and defendants seeking disclosure of grand jury proceedings under Fed. R. Crim. P. 6(e)(3)(E)(ii) must show a "particularized need" for the information. See United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir. 1997). In any event, Howell pleaded guilty to a charge contained in an information, having expressly waived the right to be charged by a grand jury in a second superseding indictment. (Filing 80.)

IT IS ORDERED that:
1. Defendant's § 2255 motion (filing 105) is denied; and
2. Judgment shall be entered by separate document.

November 1, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

---

[3] Magistrate Judge Piester conducted the plea hearing and recommended that the guilty plea be accepted. I adopted that recommendation on August 24, 2004.

[4] Brady v. Maryland, 373 U.S. 83 (1963).